UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                              MEMORANDUM & ORDER
                              07-CR-402 (JS)

   -against-

WILMAR OBONAGA,

              Defendant/Petitioner.
----------------------------------------X
APPEARANCES:
For Defendant/Petitioner[1]:   Randi L. Chavis, Esq.
                              Federal Defenders of New York, Inc.
                              460 Federal Plaza
                              Central Islip, NY 11722

                              Wilmar Obonaga, pro se
                              Prisoner No. 71977-053
                              P.O. Box Drawer 30
                              McRae, GA 31055

For the Government:          Evan C. Williams, Esq.
                              United States Attorneys Office
                              560 Federal Plaza
                              Central Islip, NY 11722

SEYBERT, District Judge:

        Pending before the Court is Defendant Wilmar Obonaga's "motion for reconsideration of the court's imposition of Petitioner's sentence." Mr. Obonaga argues that his sentence resulted from an invalid guilty plea, because his counsel failed to inform him that his plea carried the risk of deportation. Given this pleading, the Court liberally construes Mr. Obonaga's

---

[1] Mr. Obonaga was represented by counsel during his criminal case. However, he filed this motion pro se.

motion as a 28 U.S.C. § 2255 Petition. Having done so, the Court DENIES Mr. Obonaga's Petition.

## BACKGROUND

In Padilla v. Kentucky, __ U.S. __, 130 S.Ct. 1473, 1482-85, 176 L.Ed.2d 284 (2010), the Supreme Court held that an attorney must "advise her client regarding the risk of deportation" resulting from a guilty plea, and that the attorney who fails to do so provides ineffective assistance of counsel. Citing Padilla, Mr. Obonaga commenced this Petition. Mr. Obonaga contends that his counsel failed to inform him that pleading guilty would subject him to deportation. Pet. ¶ 1, p. 3. Thus, Mr. Obonaga claims he "did not know before entering in the plea that Petitioner would be removed from the United States to Columbia where Petitioner's life is in danger." Pet. ¶ 2. Accordingly, Mr. Obonaga asks the Court for the opportunity to "pursue trial instead of entering a guilty plea." Pet. ¶ 3. Alternatively, Mr. Obonaga asks the Court to "resentence" him. Pet. ¶ 6.

## DISCUSSION

Federal habeas petitioners must usually commence their action within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Mr. Obonaga's conviction became final in November 2007, and he did not file this Petition until June 2010. Thus, ordinarily, the

Court would dismiss Mr. Obonaga's Petition as time barred, without reaching its merits.

But 28 U.S.C. § 2255(f)(3) creates an exception to this usual rule. Under § 2255(f)(3), a petitioner may commence a petition based on a right "newly recognized by the Supreme Court" within one year of the relevant Supreme Court decision, if the Supreme Court made the right "retroactively applicable to cases on collateral review." Thus, if Padilla applies retroactively, Mr. Obonaga states a timely claim.

It is unclear if Padilla applies retroactively. Reasonable jurists have disagreed about whether Padilla has retroactive effect.[2] And, because the Supreme Court issued Padilla less than three months ago, the Second Circuit has not yet decided this issue. Accordingly, given this uncertainty, and the weakness of Mr. Obonaga's substantive claims, the Court elects to assume arguendo that Padilla applies retroactively.

Having done so, the Court denies Mr. Obonaga's Petition on its merits. Mr. Obonaga's attorney may not have informed him that his guilty plea could result in deportation.

---

[2] Compare Gacko v. U.S., 09-CV-4938, 2010 WL 2076020, *3 (E.D.N.Y. 2010) (no retroactive effect) with People v. Bennett, __ N.Y.S.2d __, 2010 WL 2089266, *3 (N.Y. City Crim. Ct., Bronx County 2010) ("if the Supreme Court did not intend for Padilla to be retroactively applied, that would render meaningless the majority's lengthy discussion about concerns that Padilla would open the 'floodgates' of challenges to guilty pleas").

But Mr. Obonaga's Plea Agreement explicitly sets forth that he is pleading guilty to "a violation of [21 U.S.C. §§ 846 and 841(b)(1)(A)(i)]" and that this count carries "statutory penalties" that include "deportation/removal." Plea Agreement § 1. And, during Mr. Obonaga's plea allocution, the Court expressly informed him that "if you are not legally in the United States, upon a felony conviction, after the service of your period of incarceration, you will be deported." Plea Tr. at 6. The Court then asked Mr. Obonaga "Do you understand that?," and Mr. Obonaga responded "I understand."

Thus, notwithstanding whatever Mr. Obonaga's attorney told him, the record belies Mr. Obonaga's contention that he "did not know before entering in the plea" that it could result in his deportation. Pet. ¶ 3. Indeed, on the record's face, Mr. Obonaga expressed his "understand[ing]" about the risks of deportation, and then willingly pled guilty. So, even if counsel erred in failing to inform him that he might get deported, Mr. Obonaga nevertheless "underst[ood]" this risk before he pled guilty. It follows then that counsel's alleged error did not prejudice Mr. Obonaga. And, consequently, Mr. Obonaga can obtain no relief from this Court.

## CONCLUSION

The Court construes Mr. Obonaga's motion as a 28 U.S.C. § 2255 Petition, and DENIES it on its merits. Because

Mr. Wilmar has not made a substantial showing of the denial of a Constitutional right, a Certificate of Appealability is also DENIED.

SO ORDERED

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
June 24, 2010